E-FILED
Tuesday, 29 December, 2009 03:28:20 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

AARON DOYLE PINKSTON EL-BEY, )
)
    Petitioner, )
)
v. ) Case No. 09-1400
)
YOLANDA JOHNSON, )
)
    Respondent. )

## O R D E R

    This matter is before the Court on Petitioner, Aaron Doyle Pinkston El-Bey's, Motion to Proceed In Forma Pauperis and Petition for Writ of Habeas Corpus. For the reasons set forth below, the Motion to Proceed In Forma Pauperis [#2] is DENIED, and his Petition for Writ of Habeas Corpus must be DISMISSED FOR LACK OF JURISDICTION.

### Background

    On February 28, 1978, Petitioner was convicted of Armed Robbery, Aggravated Battery, and Aggravated Assault in the Circuit Court of Livingston County, Illinois. He was sentenced to concurrent terms of 30-90 years for armed robbery, 3-10 years for aggravated battery, and 3-10 years for aggravated assault. On appeal to the Illinois Appellate Court, his convictions and sentences were affirmed. The Illinois Supreme Court denied leave to appeal on November 28, 1978. According to the Petition, Petitioner unsuccessfully pursued post-conviction relief, which was denied on May 5, 1980.

    Following the denial of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in 1986, Petitioner filed a second petition for post-conviction relief on August 31, 1992, but that petition was summarily denied as untimely. A third post-conviction petition, filed as a Motion for New Trial, was filed in 2006. The order dismissing the petition was entered on May 10, 2006, and the dismissal was affirmed on appeal on August 24, 2007.

Petitioner has now filed the present § 2254 Petition in an attempt to collaterally attack his 1978 conviction in Livingston County, Illinois. In this Petition, he claims: (1) the trial court failed to advise him of the availability of a third sentencing system under which he would have served less time; (2) he was denied equal protection in his post-conviction proceeding as a result of his attorney pursuing the wrong subsection of the insanity defense; and (3) he was not advised of his right to appeal his post-conviction ruling. This Order follows.

## Discussion

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 (April 24, 1996) (the "Act"), amended the law as it pertains to the filing and processing of habeas corpus petitions, including the treatment of second or successive petitions. The current law concerning second and successive habeas petitions is found in 28 U.S.C. § 2244(b)(2), which provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> * * *
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move

> in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

28 U.S.C. § 2244(b)(2).

As Petitioner admits that he previously mounted a federal collateral attack pursuant to § 2254 that was denied in 1986, the present petition would appear to be successive. Section 2244(b)(3)(A) requires the petitioner to "move in the appropriate court of appeals for an order authorizing the district court to consider the application" prior to filing a second or successive application in the district court. Here, Pinkston has failed to obtain an order from the Seventh Circuit Court of Appeals authorizing this Court to consider this application. Before this Court is able to consider his petition, he must obtain such an order from the Seventh Circuit Court of Appeals.

The Court would also note that the petition appears to be fatally untimely. There are statutory time limits which govern whether a district court can entertain a petition for writ of habeas corpus. The present case is covered by 28 U.S.C. § 2244, which states in relevant part:

> A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

> States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for post-conviction or other collateral review is pending in the state courts is not counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

Assuming that Petitioner's time for filing his federal habeas corpus action was tolled until April 1997 by virtue of the one-year grace period following the enactment of the AEDPA, Petitioner states that his second post-conviction petition was dismissed on appeal on October 8, 1992, and there is no indication that any subsequent petitions were properly on file to toll the limitations period until the filing of his Motion for New Trial in 2006. Again assuming that this motion could have tolled the running of his limitations period, the one-year period had long since expired, and federal review of his § 2254 petiition would be barred for this additional reason, as well.

## Conclusion

For the reasons set forth above, the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [#1] is DISMISSED FOR LACK OF JURISDICTION. The Motion to

Proceed In Forma Pauperis [#2] is DENIED as a frivolous exercise in futility, and this case is TERMINATED.

ENTERED this 29th day of December, 2009.

                                                    s/ Michael M. Mihm
                                                   Michael M. Mihm
                                                   United States District Judge